IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 13 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01763-BNB

IN: RE: ANTONIO ALEXANDER,

    Petitioner,

v.

EXEC. DIR. DEPARTMENT OF CORRECTIONS, and
KEVIN MILYARD, Warden,

    Respondents.

## ORDER OVERRULING OBJECTION

This matter is before the Court on the document titled "Order to Strike Court Order 28 U.S.C. Sec. 2254 & Address 28 U.S.C. Sec. 2201 & 28 U.S.C. Sec. 2243 Et. Seq.:" submitted to the Court *pro se* on October 3, 2006, by Petitioner Antonio Alexander. In the document, Mr. Alexander objects to Magistrate Judge Boyd N. Boland's order entered on September 6, 2006, directing him to cure certain designated deficiencies in the case if he wanted to pursue his claims. The Court will construe the document liberally as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, the objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Petitioner appears to be attacking his conviction and sentence and, to that end, has submitted a number of documents to the Court. However, he failed to submit his habeas corpus petition on the

proper, Court-approved form so that the Court has the information it needs to address his claims. In the September 6, 2006, order, Magistrate Judge Boland instructed Applicant to correct this and another deficiency, and directed the clerk of the Court to mail to Applicant the appropriate forms to cure the designated deficiencies. The Court concludes that Magistrate Judge Boland's September 6 order is neither clearly erroneous nor contrary to law. Therefore, Applicant's liberally construed objection will be overruled. Accordingly, it is

ORDERED that the document titled "Order to Strike Court Order 28 U.S.C. Sec. 2254 & Address 28 U.S.C. Sec. 2201 & 28 U.S.C. Sec. 2243 Et. Seq.:" submitted to the Court *pro se* on October 3, 2006, by Petitioner Antonio Alexander is construed liberally as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A), and is overruled. It is

FURTHER ORDERED that Applicant has **thirty days from the date of this order** to cure the deficiencies designated in the September 5, 2006, order to cure if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that if Applicant fails to cure the deficiencies within the time allowed, the habeas corpus petition will be denied and action will be dismissed without further notice.

DATED at Denver, Colorado, this 13 day of Oct., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01763-BNB

Antonio Alexander
Prisoner No. 124116
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  10/13/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk