IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 2 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01763-BNB

IN: RE: ANTONIO ALEXANDER,

    Petitioner,

v.

EXEC. DIR. DEPARTMENT OF CORRECTIONS, and
KEVIN MILYARD, Warden,

    Respondents.

---

ORDER TO FILE AMENDED APPLICATION

---

Petitioner Antonio Alexander is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Alexander submitted to the Court *pro se* documents titled "Writ of Error; Grievance Complaint; Title 28, Sec. 2242 Application for Writ of Habeas Corpus; Evidentiary Hearing Requested," "Petition to Vacate and Set Aside Judgment in the Form of Habeas Corpus," "Notice of Transfer to Cure Jurisdiction; Verification; Oath of Office and Notice of Service," and "Grievance Complaint on Claim for Common Law Immunity and Application for Writ of Habeas Corpus." He also submitted a motion titled "Motion to File Without Payment and Supporting Financial Affidavit."

On September 6, 2006, Magistrate Judge Boyd N. Boland ordered the clerk of the Court to commence the instant action and Mr. Alexander to cure certain

enumerated deficiencies. Specifically, Mr. Alexander was ordered to submit within thirty days on the proper, Court-approved forms a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

On October 3, 2006, Mr. Alexander submitted documents titled "Nunc Pro Tunc at Law & Public Notice Revocation Affidavit" and "Demand to: 'Uphold US Const. Art. VI, Clause 2 & Amend. XIV, Sec. 3'; Enforce All Respondents to Address Attached Nunc Pro Tunc, & Address Attached 28 U.S.C. § 2243 Writ: Return: & Hearing:." He also submitted a document titled "Order to Strike Court Order 28 U.S.C. Sec. 2254 & Address 28 U.S.C. Sec. 2201 & 28 U.S.C. Sec 2243 Et. Seq.:," which the Court treated as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). In the order-to-strike document, Mr. Alexander objected to the September 6, 2006, order directing him to cure the designated deficiencies in the case if he wanted to pursue his claims. On October 10, 2006, Mr. Alexander paid the $5.00 filing fee instead of submitting a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. On October 13, 2006, the Court overruled Mr. Alexander's objection to the September 6 order to cure. Mr. Alexander has failed within the time allowed to submit on the proper, Court-approved form an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. However, the action will not be dismissed at this time for that reason.

The Court must construe liberally the documents titled "Writ of Error; Grievance Complaint; Title 28, Sec. 2242 Application for Writ of Habeas Corpus; Evidentiary Hearing Requested," "Petition to Vacate and Set Aside Judgment in the Form of

Habeas Corpus," "Notice of Transfer to Cure Jurisdiction; Verification; Oath of Office and Notice of Service," "Grievance Complaint on Claim for Common Law Immunity and Application for Writ of Habeas Corpus," "Nunc Pro Tunc at Law & Public Notice Revocation Affidavit," and "Demand to: 'Uphold US Const. Art. VI, Clause 2 & Amend. XIV, Sec. 3'; Enforce All Respondents to Address Attached Nunc Pro Tunc, & Address Attached 28 U.S.C. § 2243 Writ: Return: & Hearing:" because Mr. Alexander is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Alexander will be ordered to file an amended application.

Mr. Alexander alleges that he was convicted in Denver District Court on charges of violating the Colorado Organized Crime Control Act, and on charges of motor vehicle theft, computer crime, criminal impersonation, theft, and forgery. He also alleges that on November 3, 2004, he was sentenced to thirty-six years of imprisonment. He further alleges that he is appealing from his conviction and sentence. He also appears to have been convicted on criminal charges in the Logan County, Colorado, district court.

He asserts that he filed a petition for writ of habeas corpus in the Logan County District Court, which on April 18, 2006, dismissed the petition as insufficient on its face, noting in the dismissal order that Mr. Alexander had raised the same claims on appeal and that the Colorado Court of Appeals had jurisdiction to determine the asserted claims. He filed a second habeas corpus petition raising slightly different claims in the Logan County District Court, which on May 23, 2006, dismissed the petition, again

noting that the district court lacked jurisdiction to determine matters pending before an appellate court. Mr. Alexander appears to be attempting to raise before this Court at least eight if not more claims, some of which are comprehensible, some of which are not, and all of which are scattered throughout the various documents he has filed. It is not clear to the Court whether Mr. Alexander exhausted his state remedies as to each asserted claim before seeking federal court intervention.

Mr. Alexander's submitted habeas corpus documents fail to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Alexander's habeas corpus documents fail to provide a short and plain statement of his claims showing that he is entitled to relief. He will be given an opportunity to do so. Mr. Alexander will be directed to file an amended application that complies with Fed. R. Civ. P. 8 using the proper, Court-approved form for filing an

Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The amended application Mr. Alexander will be directed to file must stand on its own as a pleading that asserts, clearly and concisely, each claim Mr. Alexander intends to assert in this action, and may not incorporate by reference any of the other habeas corpus documents Mr. Alexander has submitted in this action.

In addition, Mr. Alexander is reminded that he is required to exhaust state remedies regarding his habeas corpus claims before seeking federal intervention. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the highest state court. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992). Accordingly, it is

ORDERED that Mr. Alexander file **within thirty (30) days from the date of this order** an amended application that complies with Fed. R. Civ. P. 8 for the reasons discussed in this order. It is

FURTHER ORDERED that Mr. Alexander's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Alexander, together with a copy of this order, two copies of the following form to be used in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Alexander fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED November 2, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01763-BNB

Antonio Alexander
Prisoner No. 124116
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 11/02/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk